UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELMER HEISNER, Individually and on Behalf of JAYNE HEISNER, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 08 C 593 ) ) Judge Coar |
| GENZYME CORPORATION, a Massachusetts Corporation, | ) Magistrate Judge Denlow ) ) |
| Defendant. | ) ) |

**Defendant Genzyme Corporation's Rule 12 (b)(6) Motion to Dismiss the Complaint**

On January 28, 2008, plaintiff Elmer Heisner, an Illinois citizen, filed a seven-count complaint against defendant Genzyme Corporation ("Genzyme"), a Massachusetts citizen, seeking damages in connection with the death of his wife, Jayne Heisner. The crux of the complaint is that Genzyme defectively made and marketed a prescription medical device (Seprafilm®) that was used in surgery in Illinois on Mrs. Heisner and caused her illness and death. Plaintiff's causes of actions are predicated on Illinois common law torts for negligence, strict liability, negligence *per se*, breach of implied warranty and breach of express warranty, and on Massachusetts statutory claims for breach of implied warranty and deceptive marketing. Plaintiff seeks damages in excess of $75,000, and diversity jurisdiction under 28 U.S.C. §1332 appears to be proper.

As detailed in defendant Genzyme's Memorandum supporting its motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) (Memorandum filed simultaneously with this Motion), none of the counts in the complaint should proceed. Six of the seven counts are preempted under the Medical Device Amendments ("MDA") to the Federal Food, Drug, and Cosmetics Act

1

because Seprafilm is a Class III medical device given "premarket approval." *See* 21 U.S.C. § 360k(a); *Riegel v. Medtronic*, 128 S. Ct. 999, 1009-11 (2008). In addition, every count suffers from multiple pleading defects that are also fatal to the complaint. The plaintiff failed to identify the purported express warranty, a required element of that claim. *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 634; 253 Ill.Dec. 504, 511 (Ill. App. 2001). The plaintiff alleged a duty to warn the deceased patient when the defendant's duty is to warn learned intermediaries, not patients. *Kirk v. Michael Reese Hosp. and Medical Ctr.*, 513 N.E.2d 387, 392-93; 111 Ill.Dec. 944, 949-50 (Ill. 1987). The plaintiff pleaded formulaic conclusions rather than factual grounds in contravention of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). The plaintiff failed to plead the required notice for the deceptive marketing claim and, in any event, the entire claim is exempted. M.G.L. Ch. 93A § 3 and §9(3). The claims for damages under the Illinois wrongful death and survival statutes, 740 ILCS 180/1 and 755 ILCS 5/27-6, have not been properly pleaded, either.

Wherefore, the court should grant this motion and dismiss all counts of the complaint.

Respectfully submitted,

Genzyme Corporation

By: /s/ Stephanie A. Scharf
Stephanie A. Scharf - Atty. No. 06191616
David W. Austin – Atty. No.: 6273729
Schoeman Updike Kaufman & Scharf
333 W. Wacker Dr., Suite 300
Chicago, IL 60606
Telephone: (312) 726-6000
Facsimile: (312) 726-6045