UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELMER HEISNER, Individually, and on Behalf of JAYNE HEISNER<br><br>  Plaintiff<br>  v.<br><br>GENZYME CORPORATION,<br>a Massachusetts Corporation<br><br>  Defendant | Case No.:08 C 593<br><br>Judge David H. Coar<br><br>Magistrate Judge Denlow |

### The Parties' Proposed Discovery Plan and Scheduling Order

1. Pursuant to Fed.R.Civ.P 16 b and 26(f), a meeting was held on May 6, 2006 at Chicago, IL to discuss the nature and basis of the claims and defenses; the possibilities for a prompt settlement or resolution of the case; a schedule for disclosures and a discovery plan. The meeting was attended by:

> Kurt D. Hyzy of The Law Group, Ltd. for plaintiff(s)
> Stephanie Scharf of Schoeman, Updike, Kaufman & Scharf for defendant Genzyme Corporation

2. Nature of the Action. This is a wrongful death/product liability action involving a Class III medical device ("Seprafilm"), which was made and marketed by defendant Genzyme Corporation, and regulated by the U.S. Food and Drug Administration and approved by the U.S. F.D.A. under the pre-market approval process. The plaintiff claims that the product caused the death of Mrs. Heisner. The defendant has filed a motion to dismiss the complaint on the grounds of federal preemption and other legal bases.

To the extent that claims remain after the Court rules on the pending motion to dismiss, discovery will be needed on the subjects, if any, remaining in dispute after the motion to dismiss the complaint is decided. For claims remaining after the motion is decided, fact and expert discovery will be needed on the following subjects: liability, defenses and damages. The parties do not at this point expect discovery to be contentious. The parties do not at this point think that alternative dispute resolution is feasible nor that a settlement is feasible at this time.

3.   Discovery Plan.   The parties jointly propose to the court the following discovery plan and schedule.

Initial Disclosures.  Exchange initial Rule 26(a)(1) disclosures within 14 days after the court's ruling on the pending Motion to Dismiss and subject to entry of a protective order.

Maximum of 25 interrogatories by each party to any other party.  Responses due 30 days after service.

Maximum of 10 depositions by plaintiff(s) and 10 by defendant(s) excluding specially retained experts.  Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Plaintiff(s) should be allowed until September 30, 2008 to join additional parties or amend the pleadings to the extent permitted by law.

Defendant should be allowed until October 30, 2008 to join additional parties or amend the pleadings to the extent permitted by law .

Fact discovery to cut off December 30, 2008.

Reports from and depositions of specially retained experts under Rule 26(a)(2) due from plaintiff(s) by January 25, 2009, with experts to be available for deposition from February 4  through March 4, 2009.  Rules 26(a)(2) reports due from defendant by March 11, 2009, with experts to be available for depositions from March 18 through April 15, 2009.

All discovery to be completed by March 31, 2009.


4.    Motions.   Dispositive motion should be filed by April 30, 2009; with response briefs due May 29, 2009 and reply briefs due June 26, 2009.

5.   Final Pretrial Order and Conference.

The parties request a pretrial conference in April 2009 or at on a date to be set by the Court.




Final lists of witnesses and exhibits under rule 26(a)(3) should be due: from plaintiff(s) by May 15, 2009; and from defendant by May 22, 2009.  The parties

will have 5 working days after service of the opposing party's lists of witnesses and exhibits to list objections under Rule 26(a)(3).

6.  Trial.

The parties agree that, assuming there are no dispositive motions, the case should be ready for trial by June 1, 2009 and at that the trial is expected to take approximately 7 days. If dispositive motions are filed then the trial would be deferred until after the motions are decided.

Date: May 6, 2008

          /s/ Kurt D. Hyzy
          Kurt D. Hyzy Attorney for Plaintiff
          The Law Group, Ltd.
          Three First National Plaza, 50th Floor
          Chicago, Illinois  60602
          kdh@thelawgroupltd.com
          312-558-6444