**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ELMER HEISNER, Individually and on Behalf of JAYNE HEISNER,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | **Case No.: 08 C 593** |
| vs. )<br>) | **Judge Coar** |
| **GENZYME CORPORATION, a Massachusetts Corporation,** )<br>)<br>) | **Magistrate Judge Denlow** |
| **Defendant.** ) | |

**Defendant Genzyme's Opposition to**
**Plaintiff's Rule 41(a)(2) Motion for Voluntary Dismissal**

Defendant Genzyme Corporation ("Genzyme") urges the court to deny plaintiff's motion pursuant to Fed. R. Civ. P. 41(a)(2) for voluntary dismissal. At this stage, it is clear that plaintiff has no facts that overcome the preemption defense in this product liability action. Moreover, plaintiff has failed to meet the standards for obtaining a Rule 41(a)(2) voluntary dismissal.

This is a personal injury action involving a "Class III" medical device subject to the highest level of federal regulation of medical devices and covered by the preemption provision of the Medical Device Amendments of 1976 ("MDA"), 21 U.S.C. §360K(a). The complaint was filed on January 28, 2008, just days before the expiration of the two year limitations period. On February 20, 2008, the U.S. Supreme Court decided *Riegel v. Medtronic*, 128 S. Ct. 999 (2008), reiterating the reach of the MDA's preemption provision to cases like this one. After *Riegel* was decided, the complaint was served on February 22, 2008.

In response to the complaint, defendant Genzyme prepared a substantial preemption motion, which was filed on April 21, 2008. Almost three months later, on July 15,

2008, plaintiff filed an amended complaint. At that point, the defendant started to prepare another preemption motion.

On July 25, 2008, the court entered a memorandum and order dismissing the original and amended complaints on the ground of MDA preemption. The court also gave the plaintiff leave to file a second amended complaint, but he has not done so, instead moving for voluntary dismissal under Fed. R. Civ. P. 41(a)(2).

The grant or denial of a Rule 41(a)(2) motion for voluntary dismissal is within the sound discretion of the trial court. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir.1994). In that regard, the Seventh Circuit has set forth several factors. Among them are the delay or lack of lack of diligence on the part of the plaintiff in prosecuting the action, the expense incurred by the defendant prior to dismissal, prejudice to the defendant, and whether there is sufficient explanation for the need to take a dismissal. *See, e.g.*, *Pace v. S. Express Co.,* 409 F .2d 331, 334 (7th Cir.1969).

The plaintiff has offered no explanation at all, much less a sufficient explanation, as to why a voluntary dismissal is needed. His silence is especially telling in light of the history of the litigation. Plaintiff delayed in bringing the action until the two year limitations period was about to expire, and then delayed in amending the original complaint to meet post-*Riegel* objections. He has had multiple chances to plead around the preemption defense and has not been able to do so, which is the likely reason why he has not filed a second amended complaint. Moreover, in the course of this action, the defendant has expended substantial defense fees and costs including a successful preemption motion. To allow the plaintiff to take up to another year to figure out whether he can sustain a claim would give him, in essence, a year longer than the limitations statute allows, and would prejudice the defendant in other ways, as well.

WHEREFORE, defendant Genzyme requests that the Court deny the plaintiff's Rule 41(a)(2) motion for voluntary dismissal. In the alternative, if the Court grants the motion, it should at a minimum order the plaintiff to compensate Genzyme for the costs and fees of the defense to date.

Respectfully submitted,

Genzyme Corporation

By: /s/ Stephanie A. Scharf
Stephanie A. Scharf - Atty. No.: 06191616
Schoeman Updike Kaufman & Scharf
333 W. Wacker Dr., Suite 300
Chicago, IL 60606
Telephone: (312) 726-6000
Facsimile: (312) 726-6045

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on this 25th day of August, 2008, a true and correct copy of the foregoing **Defendant Genzyme's Opposition to Plaintiff's Rule 41(a)(2) Motion for Voluntary Dismissal** was served via Electronic Court Filing on the following individual:

>Kurt D. Hyzy
>The Law Group, Ltd.
>Three First National Plaza
>50th Floor
>Chicago, IL 60602

>Genzyme Corporation

>By: /s/ Stephanie a. Scharf
>Stephanie A. Scharf - Atty. No.: 06191616
>David W. Austin – Atty. No.: 6273729
>Schoeman Updike Kaufman & Scharf
>333 W. Wacker Dr., Suite 300
>Chicago, IL 60606
>Telephone: (312) 726-6000
>Facsimile: (312) 726-6045

4